UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TALIA GASTON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ALFREDO MERAS, DECEASED; NORMA ESCOBAR, as next friend to D.M., a minor; NICASIO MERAS; FRANCISCO MERAS; and ANA MERAS,<br>    Plaintiffs,<br><br>v.<br><br>PACCAR, INC.; INDIANA MILLS & MANUFACTURING, INC.; and NATIONAL SEATING COMPANY,<br>    Defendants. | §§§§§§§§§§§§§§§§ | Case no. 3:09-cv-2246-F<br><br> |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING EXPERT WITNESS DEPOSITION FEES**

BEFORE THE COURT is Plaintiff's Motion for Protective Order Regarding Expert Witness Deposition Fees, filed December 27, 2010 (Docket No. 129). Defendant Indiana Mills & Manufacturing, Inc. ("Defendant IMMI") filed a Response on January 19, 2011 (Docket No. 133). After considering the arguments of both parties, Plaintiffs' Motion for Protective Order is DENIED WITHOUT PREJUDICE.[1]

This case involves a truck accident that took place in February 2008. Alfredo Meras was operating a 2005 PACCAR Peterbilt brand truck in Clifton, Texas and was seriously

---

[1] This resolves Docket No. 129.

injured when the truck rolled over. He was rendered a bed-ridden quadriplegic until he died in August 2009. Plaintiffs allege that the truck was defectively designed and that Mr. Meras's injuries could have been prevented.

The issue before the Court involves the expenses related to the deposition of expert witnesses. Defendant IMMI is planning to depose Plaintiffs' expert witnesses, but Plaintiffs are not planning to depose any of Defendants' expert witnesses. Concerned about the costs of their experts' preparation time for the depositions, Plaintiffs, citing Federal Rule of Civil Procedure 26(b)(4),[2] ask the Court to issue a Protective Order requiring the party requesting a deposition of an expert witness in this case to pay the reasonable expert witness fees associated with (1) the preparation time of the expert, (2) the deposition time of the expert, (3) the time spent by the expert in reviewing the deposition transcript, and (4) the travel time to and from the deposition. Pls.' Mot. for Protective Order, Docket No. 129, at 4.

Defendant IMMI does not dispute that, as the party requesting the depositions, it is responsible for compensating the expert witness for the time spent in the deposition, the time spent to read and sign the deposition transcript, and the time spent traveling to and from the deposition. Therefore, it does not oppose paying these expenses. The only dispute before the Court is whether Defendant IMMI, as the party requesting the deposition, is responsible

---

[2]In making their arguments, both parties cite Federal Rule of Civil Procedure 26(b)(4)(C), which, until recently, governed payment of experts. However, changes to the Federal Rules of Civil Procedure that became effective on December 1, 2010 re-labeled this section as Rule 26(b)(4)(E).

for paying the expert witness for time spent "preparing for the deposition."

Rule 26(b)(4)(E) provides, "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." Rule 26(b)(4)(A) provides that a party may depose a person identified as a testifying expert. Courts have come to different conclusions regarding whether the party requesting an expert deposition must pay for time spent preparing for the deposition in addition to traveling to and from the deposition, time spent in the deposition, and time spent reviewing and signing the deposition transcript. *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 277 (E.D. La. 2010) (noting that a "slim majority [of district courts] provides for [recovery of fees from opposing parties for time spent preparing for the opposition's deposition], on the condition that the recovered fees are reasonable"); 8A CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2034 (3d ed. 2010) (noting that some courts have awarded expert witness fees for preparation, travel, and the deposition).

After considering the issue, the Court agrees with several Texas district courts that have permitted parties to recover for their expert witnesses' deposition preparation times. *See Stewart v. City of Houston*, No. H-07-4021, 2010 WL 1524015, at *1 (S.D. Tex. Apr. 14, 2010) (Rosenthal, J.) ("Fees awarded [for expert witnesses] include time spent in preparing

for the deposition, in traveling to the deposition, and in the deposition."); *Molina v. United States*, No. SA-07-CV-0254 NN, 2008 WL 3539253 (W.D. Tex. Aug. 11, 2008) (Nowak, J.) (holding that Rule 26(b)(4) permits reimbursement of reasonable time spent preparing for a deposition, including review of medical records); *Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005) (Clark, J.) (allowing expert witness fees to be awarded "for time clearly spend in preparation for a deposition"); *Abundiz v. Explorer Pipeline Co.*, Nos. 300CV2920-H, 303CV0508-H, 303CV0787-H, 2004 WL 1161402, at *3-*4 (N.D. Tex. May 24, 2004) (Stickney, J.) (holding that "the plain language of the Rule allows 'compensation for "time spent in responding to discovery," and not just time spent at the deposition'") (citing *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001); *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 357-58 (N.D. Ill. 1999)). Therefore, Plaintiffs may be entitled to compensation for their experts' deposition preparation time. However, the Court will not completely resolve the issue at this time for several reasons.

First, the Court is of the opinion that full determination of this issue would be more appropriately decided at a later stage of this litigation. Defendant IMMI is correct that courts addressing this issue have largely determined allocation of expert costs after the completion of discovery. *See* Def. IMMI's Resp., Docket No. 133, at 6 n.4; *see also Borel*, 265 F.R.D. at 278; *Molina*, 2008 WL 3539253 at *1; *AMX Corp. v. Pilote Films*, No. 3:04-CV-2035-D, 2007 2428940, at *4 n.5 (N.D. Tex. Aug. 27, 2007) (Fitzwater, J.); *Rogers*, 232 F.R.D. at 582. The Court agrees that addressing this issues at a later time, after the close of discovery,

would be appropriate. *See* Fed. R. Civ. P. 26(b)(4) Notes of Advisory Committee on Rules to 1970 Amendment ("The court may issue the latter order [to pay fees and expenses that a party incurs in obtaining information from an expert] as a condition of discovery, or it may delay the order until after discovery is completed.").

Second, the parties have not provided to the Court (and likely do not have at this time) the proper information that the Court would require to completely resolve this issue. Reviewing the relevant cases, the Court cannot address exactly what reimbursement Plaintiffs will be entitled to at this point. Depositions have yet to take place, and the parties have provided the Court with no data indicating the amount of time spent by experts specifically preparing for discovery. It appears to be the consensus among courts that allow the recovery of deposition preparation expenses that such recovery must be "reasonable." *E.g. Abundiz*, 2004 WL 1161402 at *3-*4. It also appears that district courts undertake fact-specific inquiries regarding what activities might be compensable and how much time might be compensable in a specific case. *See Borel*, 265 F.R.D. at 278 (holding that three hours spent in preparation for a three hour deposition in a "garden-variety personal injury suit"); *Molina*, 2008 WL 3539253 at *1 (holding that, where there were 11 months between the expert witness's filing of a report and the notice of deposition, paying for deposition preparation was reasonable, but limiting the reasonable deposition preparation time to seven hours because "[s]pending seven hours to prepare for seven hours of testimony is not unreasonable"). For example, in *Rogers*, Judge Clark wrote that experts "might spend a great

deal of time reviewing documents, or formulating opinions, but the Rule does not require the opponent to pay for that. Therefore, *fees will be awarded only for time clearly spent in preparation for a deposition*, travel to a deposition, or in a deposition." *Rogers*, 232 F.R.D at 582 (emphasis added). The Court is of the opinion that a fact-specific inquiry will be necessary in determining exactly what activity would be considered reasonable deposition preparation under Rule 26(b)(4)(E). Upon addressing what expenses Plaintiffs may be able to reasonably recover for their expert witnesses' deposition preparation time, the Court shall only award expenses for time clearly spent in preparation for the deposition. Exactly how much of a recovery for deposition preparation is "reasonable" should be determined on a case-by-case basis. To make such a determination, the Court requires more information than that which the parties have provided thus far.

In determining the reasonableness of any fees for deposition preparation that should be recouped, several courts have adopted the factors laid out in *Goldwater v. Postmaster General*, 136 F.R.D. 337 (D. Conn. 1991). *E.g. Paz v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, No. 01-2693, 2008 WL 2649638, at *2 (W.D. La. July 1, 2008) (hereafter *Paz I*); *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002). The *Goldwater* court determined that the following factors should be considered in determining whether a fee request is reasonable within the meaning of Rule 26(b)(4):

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the

particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Goldwater*, 136 F.R.D. at 339-40. Additionally, district courts within the Fifth Circuit have taken particular notice of the length of the deposition at issue, the nature of the deposed individual's experience as an expert, previous review of relevant documents, and the complexity of the nature of the litigation. *Borel*, 265 F.R.D. at 278; *Paz v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, No. 01-2693, 2009 WL 1401696, at *5 (W.D. La. May 19, 2009) (*Paz II*); *Molina*, 2008 WL 3539253 at *1. The Court shall take all of these factors into account when determining what amount of reimbursement for deposition preparation is reasonable. For the benefit of the parties and the Court, in anticipation of the issue becoming ripe for resolution, the parties are advised to carefully record and review the time spent by expert witnesses in preparation for their depositions, and specifically what actions the expert witnesses undertook to prepare for them.

Third, the Court takes note of Defendant IMMI's contentions that the nature of the deposition testimony that they are seeking from Plaintiffs' experts concerns only the opinions expressed in the experts' reports, which were produced on November 12, 2010. Defendant IMMI further asserts that because Defendant IMMI is only seeking clarifications of the expert witnesses' opinions and are not prompting the expert witnesses to do any additional research or preparation, no compensable preparation time should be needed by the experts. Ultimately, the Court has discretion to determine the reasonableness of compensable expert witness deposition fees. *See Knight v. Kirby Inland Marine Inc.*, 482 F.3rd 347, 356 (5th Cir.

7

2007) ("Rule 26(b)(4)([E]) limits discovery costs to those 'reasonable' fees spent responding to discovery. When parties submit their discovery costs, the district court has discretion to limit or alter those costs if they appear to be unreasonable."). The Court believes that Defendant IMMI's concerns may be relevant to the Court's determination of whether it is reasonable to compensate Plaintiffs for the time their expert witnesses spend preparing for their depositions. However, as mentioned above, the Court is of the opinion that the details of this issue would be better resolved upon the close of discovery. Therefore, the Court will take Defendant IMMI's concerns into account when it is necessary to resolve disputes regarding the distribution or reimbursement of discovery expenses.

In accordance with the terms outlined above, it is ORDERED that Plaintiffs' Motion for Protective Order is DENIED WITHOUT PREJUDICE. Plaintiffs shall have the opportunity to file a motion regarding whether it is entitled to compensation for its experts' time spent preparing for depositions upon the close of discovery.[3]

IT IS SO ORDERED.

Signed this 25th day of January, 2011.

*Royal Furgeson*
Royal Furgeson
Senior United States District Judge

---

[3] While the Court will give the parties the opportunity to fully present their arguments regarding how much time the deposed experts spent preparing for their depositions, the parties are advised to heed the Supreme Court's stated interest in avoiding "burdensome satellite litigation" over costs and fees. *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992); *see also Rogers*, 232 F.R.D. at 582.